UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| UNITED STATES, : | |
| : | Case No. 1:20-cr-00590-JG |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 17] |
| Keith White, : | |
| : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The grand jury indicted Defendant on one count of Felon in Possession of Firearm and Ammunition, 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1] Defendant filed a motion to suppress evidence obtained from an allegedly illegal traffic stop.[2] The Government opposed.[3]

The Court held a hearing on the motion on November 30, 2020.[4] The Court denied Defendant's motion. This opinion outlines the Court's reasoning.[5]

I. Background

On September 13, 2020, Police stopped Defendant's car. Police stopped White's car after receiving a stolen license plate alert.[6] Defendant told the police he owned the car.[7]

The Police carrying out the stop say they smelled marijuana coming from the vehicle and ordered Defendant out of his car.[8] As Defendant exited the car, an officer saw a handgun sticking out from Defendant's jacket.[9] Police handcuffed and searched Defendant, finding a

---

[1] Doc. 12.
[2] Doc. 17.
[3] Doc. 18.
[4] Doc. 21.
[5] *Id.*
[6] Doc. 17 at 2. Police later determined that neither the car nor the plate were stolen. *Id.*
[7] *Id.*
[8] *Id.*
[9] Doc. 18 at 2.

Case No. 1:20-cr-00590-JG
Gwin, J.

second gun.[10]

## II. Discussion

Defendant argues that the police did not have reasonable suspicion to stop him based on the license plate alert.[11] Further, Defendant asserts that police should not have ordered him out of his car based on the alleged marijuana smell, especially because police found no marijuana or drug paraphernalia in his car.[12] Defendant "contends that all evidence flowing directly from the illegal stop should be deemed fruits of the poisonous tree."[13]

The Government counters that the police had reasonable suspicion to stop Defendant because they believed the license plate and possibly the car were stolen.[14]

Police can lawfully initiate a traffic stop if police have probable cause to believe a person is committing or has committed a traffic violation.[15] The court must look at the totality of the circumstances to determine if police had a particularized belief that defendant violated the law.[16] Further, during a traffic stop, an officer may require a driver or passengers to get out of the vehicle.[17]

The Court finds that the police had probable cause to stop Defendant and ask him to get out of his car. Although the license plate alert information was incorrect, police believed the car's plate was stolen when they stopped Defendant. They did not know Defendant's identity when they stopped him and could not have known that the license plate was on the

---

[10] *Id.*
[11] Doc. 17 at 3.
[12] *Id.* at 4.
[13] *Id.* (citation omitted).
[14] Doc. 18 at 5.
[15] *Whren v. United States*, 517 U.S. 806, 810 (1996).
[16] *U.S. v. Mansur*, 375 F. App'x 458, 460–61 (6th Cir. 2010) (overturned on other grounds).
[17] *U.S. v. Pacheco*, 841 F.3d 384, 390 (6th Cir. 2016).

Case No. 1:20-cr-00590-JG
Gwin, J.

proper car.

The Court need not judge the credibility of the officers' statements about smelling marijuana because they had probable cause to ask Defendant to get out of his car. Once officers saw Defendant's gun, they had cause to search him.[18]

**ORDER**

For the foregoing reasons, Defendant's motion to suppress is **DENIED**.

IT IS SO ORDERED.

Dated: December 7, 2020				*s/	James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE

---

[18] *Michigan v. Long,* 463 U.S. 1032, 1047–48 (1983).